# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD L. BRICKER,** | : CIVIL NO. 1:CV-09-01394 |
| **Plaintiff** | : (Judge Rambo) |
| v. | : |
| **FRED J. RUFFO,** *et al.*, | : |
| **Defendants** | : |

# **M E M O R A N D U M**

Plaintiff Ronald L. Bricker ("Bricker"), an inmate currently confined at the State Correctional Institution in Houtzdale, Pennsylvania ("SCI-Houtzdale"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on July 20, 2009, as amended on October 27, 2009. (Doc. 15.) Named as defendants are several individuals employed by the Department of Corrections ("DOC").[1] Bricker claims that Defendants retaliated against him for filing a previous lawsuit.

Before the court is a motion to dismiss the amended complaint or, in the alternative, for summary judgment. (Doc. 26.) For the reasons that follow, the

---

[1] DOC officials named in the caption of the complaint are as follows: Michael W. Harlow, Superintendent of SCI-Mercer; Fred J. Ruffo, DSCS, SCI-Mercer; William Ayers, Intelligence/Security; William (Bill) Woods, Unit Manager; Mrs. Foust, Counselor; Randall E. Britton, Superintendent of SCI-Houtzdale; David L. Kessling, Deputy Superintendent; David J. Close, Deputy Superintendent; Captain Drexler, 6-2 Shift Commander; Mary Jo Barber, Unit Manager; Tara Dively, Counselor; Jeff A. Horton, Major; Heather Moore, Mail Supervisor; Roan Lytle, Librarian; Jeffrey A. Beard, Secretary; John S. Shaffer, Executive Deputy Secretary; William D. Sprenkle, Bureau of Inmate Services; Judith Viglione, Bureau of Inmate Services; James C. Barancle, Director; David S. Novitsky, Deputy Director. (Doc. 15.) Bricker also renames the Honorable David Stewart Cercone and the Honorable Lisa Pupo Lenihan, as well as Ms. Johnson, a member of the Pennsylvania Board of Probation and Parole, and "All John and Jane Does who are Attorneys in Pa. are named as Defendants in this civil action law suit, if and when any one of them comes for[th] to defend any named defendants herein." (*Id.*) By order dated November 5, 2009, respectively, these Defendants were terminated as parties in this action. (Doc. 18.)

motion for summary judgment will be granted in favor of Defendants.

I.   **Background**

   A.   **Facts**

Bricker alleges that Defendants retaliated against him for filing a previous lawsuit. (Doc. 15 at 2.) Specifically, in retaliation for filing a lawsuit, purportedly against Defendants, Bricker was placed in the Restricted Housing Unit ("RHU") in his former place of incarceration, the State Correctional Institution at Mercer ("SCI-Mercer") and then transferred from SCI-Mercer (a Level 2 institution) to SCI-Houtzdale (a Level 4/5 Institution). (*Id*. at 2-3.) Once at SCI-Houtzdale, he was placed in a cell with a Level 4 inmate. (*Id*. at 3.) Bricker asserts that he did not file a grievance with respect to his placement and that he was not required to exhaust his administrative remedies prior to filing this action "because of Pa. 5th State (Amend) Const. of 1968." (*Id*.)

   B.   **Procedural History**

Bricker filed his original complaint on July 20, 2009. (Doc. 1.) By order dated August 13, 2009, the court dismissed certain parties pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), but granted Bricker leave to amend his complaint. (Doc. 6.) After granting Bricker an extension of time to file an amended complaint, (Doc. 9), he filed an amended complaint on October 27, 2009 (Doc. 15). By order dated November 5, 2009, the court again dismissed certain parties pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), declared certain relief requested stricken, and directed service of

the amended complaint upon the remaining Defendants named therein.  (Doc. 18.)

Defendants filed the instant motion to dismiss or, in the alternative, for summary judgment, on May 5, 2010.  (Doc. 26.)  Bricker filed a brief in opposition on June 1, 2010.  (Doc. 35.)  Thus, the motion is ripe for disposition.

## II. Standard of Review

### A. Motion to Dismiss

Defendants has filed a motion which, in part, seeks dismissal of the complaint on the grounds that Bricker's complaint fails to state a claim upon which relief can be granted, as provided by Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The motion, however, goes beyond a simple motion to dismiss under Rule 12(b)(6) because it is accompanied by evidentiary documents outside the pleadings contravening Bricker's claims.  Rule 12(d) provides as follows:

> If, on a motion under Rule 12(b)(6) or (12)(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  The court will not exclude the evidentiary materials accompanying Defendants' motion to dismiss because Bricker has also been given a reasonable opportunity to present material relevant to the motion.  Thus, Defendants' motion to dismiss and for summary judgment shall be treated solely as seeking summary judgment.

### B. Motion for Summary Judgment

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id*. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "'Such

affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

### III. Discussion

In this case, Defendants contend that summary judgment should be granted in their favor because Bricker failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act of 1995 ("PLRA"). In support, Defendants have filed in conjunction with the instant motion an exhibit containing two declarations supporting their assertion that he has failed to exhaust. (Doc. 29.)

The PLRA requires a prisoner to present his claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Because an inmate's failure to exhaust under the PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in her complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

5

Failure to exhaust administrative remedies must be pled and proved by the defendants. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004) ("[P]rison grievance procedures supply the yardstick for measuring procedural default."). Additionally, "it is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp 2d 884, 894-95 (S.D.N.Y. 1998) (citing *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis*, 204 F.3d at 71.

Further, the United States Court of Appeals for the Third Circuit has stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill

6

the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (not precedential). In citing to a case from the United States Court of Appeals for the Eighth Circuit, *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003), the *Oriakhi* Court found that the lower court had properly dismissed plaintiff's complaint because his exhaustion attempt took place after he filed his *Bivens* claim. "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred." *Oriakhi*, 165 Fed. Appx. at 993 (quoting *Johnson*, 340 F.3d at 627-28).

The Pennsylvania DOC has an Inmate Grievance System which permits any inmate to seek review of problems that may arise during the course of confinement. 37 Pa. Code § 93.9(a); *see also* www.cor.state.pa.us, DOC Policies, Policy No. DC-ADM 804, Inmate Grievance System. After an attempt to resolve any problems informally, an inmate may submit a written grievance to the facility's Grievance Coordinator for initial review. An inmate may then appeal an adverse decision of the Grievance Coordinator to the Superintendent of the institution, and can finally appeal to the Secretary of the DOC Office of Inmate Grievances and Appeals, located in Camp Hill, Pennsylvania. *See Booth v. Churner*, 206 F.3d 289, 293 n.2 (3d Cir. 2000) (outlining Pennsylvania's grievance review process).

In the instant case, Defendants assert one defense only. They claim that the records of all inmate grievances received by officials at both SCI-Mercer and SCI-Houtzdale indicate the Bricker has not filed any grievances with respect to his claim

7

here, and therefore they are entitled to summary judgment. (Doc. 27 at 5.) In support, Defendants have attached as an exhibit to the instant motion declarations filed by Jeffrey Hoovler and Doretta Chencharick, Assistants to the Superintendent at SCI-Mercer and SCI-Houtzdale, respectively, which verify Bricker's failure to file grievances related to his claim. (Doc. 29.)

In response to the motion, Bricker has filed a 52-page document, seemingly a brief in opposition, which, read closely, does not dispute Defendants' sole defense that he has failed to exhaust administrative remedies with respect to his claim set forth in the amended complaint. (Doc. 35.) Rather, Bricker seems to be arguing that he should not be incarcerated at all.[2] Further, his brief in opposition does not provide a comprehendible or discernible explanation for how the Pennsylvania Constitution excuses his failure to exhaust, as he claimed in his complaint.[3] Because Bricker was

---

[2] The court would characterize Bricker's brief as a rambling diatribe against the United States government and judicial system rather than a brief countering Defendants' motion to dismiss. By way of example, Bricker states the following:

> The flags that is [sic] flown in our Courtrooms today are <u>not</u> the American flag decribed [sic] in Title 4, but rather a gold-fringed military flag of war *** enforcing the private, general equity, admiralty/maritime law in the Courtrooms. Admiralty is an [sic] unique Jurisdiction in that it carries Criminal penlties [sic] for Civil Offensess [sic] - only Jurisdiction where might is employed to private Contracts. Military Courtrooms can not bring an accused under such Jurisdiction. But this is what has happen [sic] in plaintiff's cases. Which <u>was/is</u> a <u>Violation</u> Under The United States Constitution.

(Doc. 35 at 5 (emphasis in original).) However, as Bricker himself has titled this document a brief in opposition to the instant motion, the court will treat it as so.

[3] Bricker claims that because the original Pennsylvania Constitutional Congress adopted a provision that states that "Pennsylvania 'shall have no power to add to, alter, abolish or infringe any part of this constitution,'" any changes to the Constitution by subsequent Constitutional Congresses invalidate the Constitution altogether. (*See* Doc. 35 at 8.) This argument, while it occupies a

8

clearly put on notice that Defendants' sole defense to his claim was failure to exhaust, and he has failed to rebut that defense in his brief in opposition, the court agrees with Defendants that Bricker has failed to exhaust his administrative remedies. Thus, the motion for summary judgment will be granted in favor of Defendants.

    An appropriate order will issue.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: December 16, 2010.

---

substantial portion of Bricker's brief, does not convince the court that his failure to exhaust his administrative remedies with respect to his claim should be excused.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD L. BRICKER,** | : CIVIL NO. 1:CV-09-01394 |
| **Plaintiff** | : (Judge Rambo) |
| v. | : |
| **FRED J. RUFFO,** *et al.*, | : |
| **Defendants** | : |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The motion for summary judgment (Doc. 26) is **GRANTED**.

2) The Clerk of Court is directed to **ENTER** judgment in favor of Defendants and against Plaintiff.

3) The Clerk of Court is directed to **CLOSE** this case.

4) Any appeal from this order is **DEEMED** frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3).

                                                    s/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated: December 16, 2010.